FILED IN OPEN COURT
01/10/2018
TIMOTHY M. O'BRIEN, CLERK
BY M. Garrett
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## District of Kansas
(Topeka Docket)

UNITED STATES OF AMERICA,

Plaintiff,

v.

CASE NO: <u>17-40003-DDC</u>

DAKOTA SHAREEF WALKER,

Defendant.

# PLEA AGREEMENT
(Fed. R. Crim. P. 11(c)(1)(C) & Fed. R. Crim. P. 20)

The United States of America, by and through Jared S. Maag, Assistant United States Attorney for the District of Kansas, and the defendant, Dakota Shareef Walker, personally and by and through counsel, Andrew J. McGowan, Assistant Federal Public Defender, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and Rule 20 of the Federal Rules of Criminal Procedure:

1. **<u>Defendant's Guilty Plea.</u>** The defendant agrees to plead guilty to Count One of the Information in the above-entitled matter, charging a violation of 18 U.S.C. § 2113, namely, bank robbery. By entering into this plea agreement, the defendant admits

to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count One of the Information, to which he has agreed to plead guilty, is not more than 20 years of imprisonment [18 U.S.C. § 2113(a)], a $250,000.00 fine [18 U.S.C. § 3571(b)(3)], not more than 3 years of supervised release [18 U.S.C. § 3583(b)(2)], and a $100.00 mandatory special assessment [18 U.S.C. § 3013(a)(2)(A)].

Pursuant to Rules 18 and 20 of the Federal Rules of Criminal Procedure, the defendant waives venue, consents to transfer prosecution to the United States District Court for the District of Kansas, waives indictment, waives trial, and agrees to plead guilty to Count Two of the Information, charging a violation of 18 U.S.C. § 2113, namely, bank robbery which occurred on or about November 23, 2016, in the Western District of Missouri. By entering into this plea agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count Two of the Information, to which he has agreed to plead guilty, is not more than 20 years of imprisonment [18 U.S.C. § 2113(a)], a $250,000.00 fine [18 U.S.C. § 3571(b)(3)], not more than 3 years of supervised release [18 U.S.C. § 3583(b)(2)], and a $100.00 mandatory special assessment [18 U.S.C. § 3013(a)(2)(A)].

Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the defendant consents to transfer prosecution to the United States District Court for the District of

Kansas, waive trial, and plead guilty to the Indictment filed in the United States District Court for the District of Wyoming on March 24, 2017, charging a violation of 18 U.S.C. § 2113, namely, bank robbery. *United States v. Dakota Shareef Walker*, Case No.: 1:17-cr-00065-ABJ (Mar. 24, 2017). By entering into this plea agreement, the defendant admits to knowingly committing the offense in the District of Wyoming, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed for the charge set forth in the Indictment, to which he has agreed to plead guilty, is not more than 20 years of imprisonment [18 U.S.C. § 2113(a)], a $250,000.00 fine [18 U.S.C. § 3571(b)(3)], not more than 3 years of supervised release [18 U.S.C. § 3583(b)(2)], and a $100.00 mandatory special assessment [18 U.S.C. § 3013(a)(2)(A)].

Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the defendant consents to transfer prosecution to the United States District Court for the District of Kansas, waive trial, and plead guilty to Counts One and Two of the Indictment filed in the United States District Court for the District of Idaho on May 23, 2017, charging violations of 18 U.S.C. § 2113, namely, bank robbery. *United States v. Dakota Shareef Walker*, Case No.: 4:17-cr-00136-BLW (May 23, 2017). By entering into this plea agreement, the defendant admits to knowingly committing the offenses in the District of Idaho, and to being guilty of the offenses. The defendant understands that the maximum sentence which may be imposed as to Counts One and Two of the Indictment, to which he has agreed to plead guilty, is not more than 20 years of imprisonment [18 U.S.C. § 2113(a)], a

3

$250,000.00 fine [18 U.S.C. § 3571(b)(3)], not more than 3 years of supervised release [18 U.S.C. § 3583(b)(2)], and a $100.00 mandatory special assessment [18 U.S.C. § 3013(a)(2)(A)].

The defendant further understands and agrees that restitution will be obligated in each of the aforementioned cases to which he has agreed to plead guilty.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offenses to which the defendant is pleading guilty are as follows:

U.S. Bank (Topeka, Kansas) (November 28, 2016) ($839.00)

> On November 28, 2016, within the District of Kansas, the defendant entered the U.S. Bank at 5730 Southwest 21st Street, Topeka, Kansas and handed the teller a written note with the following language: "This is a robbery No die (sic) packs or gps I will check I want both drawers Don't press any alarms and don't move to (sic) fast." The teller complied with the defendant's demands and handed him $839.00 in United States currency.

U.S. Bank (Kansas City, Missouri) (November 23, 2016) ($6,925.00)

> On November 23, 2016, within the Western District of Missouri, the defendant entered the U.S. Bank at 221 West Gregory Blvd., Kansas City, Missouri and handed the teller a written note with the following language: "This is a robbery I want both drawers no diepacks (sic) or gps I will check no sudden moves either." The teller complied with the defendant's demands and handed him $6,925.00 in United States currency.

U.S. Bank (Evanston, Wyoming) (December 6, 2016) ($1,438.00)

> On December 6, 2016, within the District of Wyoming, the defendant entered the U.S. Bank at 748 Main Street, Evanston, Wyoming and handed the teller a written note with the following language: "This is a robery (sic) no die (sic) packs or Gps I will check I want both drawers of cash don't push any alarms until I leave and don't make any sudden moves." The teller complied with the defendant's demands and provided him with $1,438.00 in United

4

States currency.

U.S. Bank (Malad City, Idaho) (December 14, 2016) ($13,773.00)

On December 14, 2016, within the District of Idaho, the defendant entered the U.S. Bank located at 25 East 50 South, Malad City, Idaho and handed the teller a written note with the following language: "This is a robbery no die (sic) packs or no gps I will check give me the money from all your drawers Don't play with me Don't touch any alarms until I leave and don't make any sudden moves." The teller complied with the defendant's demands and turned over $13,773.00 in United States currency.

Wells Fargo Bank (Preston, Idaho) (January 9, 2017) ($6,460.00)

On January 9, 2017, within the District of Idaho, the defendant entered the Wells Fargo Bank located at 5 North State Street, Preston Idaho and handed the teller a written note with the following language: "This is a robbery no die (sic) packs or gps I will check don't push any alarms until i leave give me the money from all the tells If I Feel it not enough I will demand more dont (sic) make any sudden moves." The teller complied with the defendant's demands and turned over $6,460.00 in United States currency.

On January 11, 2017, the defendant was arrested by state and federal officers in Ogden, Utah. In a post-*Miranda* statement the defendant confessed to committing each of the bank robberies described above.

The deposits of each of the aforementioned banks are insured by the Federal Deposit Insurance Corporation (FDIC).

3. **Proposed Rule 11(c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case:

   (a) A range of 57-96 months in prison, with each party given an opportunity to argue for a controlling term of imprisonment within the proposed range;

   (b) 3 years of supervised release;

   (c) no fine;

5

(d) the mandatory special assessment of $100.00 per count of conviction; and

(e) restitution.

The parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea agreement. This plea agreement centers on the defendant's agreement to enter his guilty pleas as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

4. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5. **Government's Agreements.** In return for the defendant's pleas of guilty as set forth herein, the United States agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the present Information and Indictments.

6. **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms, this plea agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be

asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this plea agreement.

7. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty pleas. If the Court announces that it will NOT be bound by the proposed plea agreement, the parties agree that at that time either party may withdraw the proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's pleas. If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty pleas.

9. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against

him at the time of sentencing, for a total special assessment of $500.00. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

10. **Restitution**. The defendant knowingly and voluntarily agrees and consents to the following:

(a) The defendant agrees that the total amount of restitution reflected in this Plea Agreement results from the defendant's criminal conduct.

(b) The total amount of restitution is set forth in paragraph 2 of this agreement.

(c) The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, which it may do as a condition of supervised release, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

(d) If the defendant makes a payment of the restitution agreed to in this paragraph prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to this paragraph.

(e) The defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court.

(f) With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the defendant will provide the following information:

(i)   The defendant's name and Social Security number;

(ii)  The District Court and the docket number assigned to this case; and

(iii) A statement that the payment is being submitted pursuant to the District Court's restitution order.

11. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence

imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

12. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

13. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations

it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

14. **Parties to the Agreement.** The defendant understands this plea agreement binds only him and the United States Attorneys for the District of Kansas, the District of Wyoming, the District of Idaho, and the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority.

15. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this plea agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the plea agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this plea agreement embodies each and every term of the agreement between the parties.

16. The defendant acknowledges that he is entering into this plea agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

/s/ *Debra Barnett*  DATE: 21 December 2017

DEBRA BARNETT Ks.S.Ct. No. 12729
Assistant United States Attorney
Criminal Chief
District of Kansas
301 N. Main, Suite 1200
Wichita, KS 67202
Ph: 316.269.6481
Fax: 316.269.6484
debra.barnett@usdoj.gov
SIGNED BY DIRECTION

_[signature]_  DATE: 1/2/2018

DUSTON J. SLINKARD, Ks.S.Ct. No. 21294
Assistant United States Attorney
Criminal Coordinator – Topeka USAO
District of Kansas
290 Carlson Federal Bldg.
444 S.E. Quincy St.
Topeka, KS 66683
Ph: 785.295.2858
Fax: 785.295.2853
duston.slinkard@usdoj.gov

_[signature]_  DATE: 1/2/18

JARED S. MAAG, Ks.S.Ct. No. 17222
Assistant United States Attorney
District of Kansas
290 Carlson Federal Bldg.
444 S.E. Quincy St.
Topeka, KS 66683
Ph: 785.295.2858
Fax: 785.295.2853
jared.maag@usdoj.gov

_[signature]_  DATE: 1-10-18

DAKOTA SHAREEF WALKER
Defendant

_[signature]_  DATE: 1/10/18

ANDREW J. McGOWAN, KS Bar No. 16216
Assistant Federal Public Defender
Counsel for Defendant Walker
Office of Federal Public Defender - Topeka
117 SW 6th St., Ste 200
Topeka, KS 66603
Ph: 785.232.9828
Fax: 785.232.9886
andrew_mcgowan@fd.org